UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
***********************
THOMAS E. PEREZ, Secretary of Labor,      *
United States Department of Labor,        *
                                          *
              Plaintiff,                  *
                                          *       CIVIL ACTION
     v.                                   *
                                          *       FILE NO.
ZEUS PACKING, INC., CAPE ANN              *
  SEAFOOD EXCHANGE, INC.,                 *
  and KRISTIAN KRISTENSEN,                *
                                          *
                                          *
              Defendants.                 *
***********************
```

COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, U.S. Department of Labor, brings this action to enjoin defendants from violating the provisions of Sections 7, 11, and 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, 29 U.S.C. Section 201), hereinafter called "the Act," and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. Sections 1331 and 1345.

II.

Defendant Zeus Packing, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 27 Harbor Loop, Gloucester, Massachusetts

1

01930, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a seafood processing, packing, and wholesale business.

III.

Defendant Cape Ann Seafood Exchange, Inc. is, and at all times hereinafter mentioned was, a corporation having an office and place of business at 27 Harbor Loop, Gloucester, Massachusetts 01930, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere, in the operation of a seafood processing, packing, and wholesale business.

IV.

Defendant Kristian Kristensen resides at 6 Chanticleer Drive, Beverly, Massachusetts 01915, within the jurisdiction of this court, and is now, and at all times hereinafter mentioned was, the President, Treasurer, Secretary and Director of defendant Zeus Packing, Inc. and defendant Cape Ann Seafood Exchange, Inc., and is the owner of both of these corporations. He has the ability to hire and fire employees and to control the number of employees, and his actions concerning pay policies affect the amounts of compensation received by employees. As such, he actively manages, supervises and directs the day to day business affairs and operations of said companies. The defendant has acted at all times material herein directly and indirectly in the interest of defendant Zeus Packing, Inc. and defendant Cape Ann Seafood Exchange, Inc. in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of the Act.

V.

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act. Defendants' vendors and others were notified, commencing on or about March

27, 2014, that the operations of Zeus Packing, Inc. have been consolidated into the operations of Cape Ann Seafood Exchange, Inc.

## VI.

At all times hereinafter mentioned, defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

## VII.

Beginning no later than October 3, 2011, defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees for workweeks longer than forty (40) hours without compensating them at rates not less than one and one-half times the regular rate at which they were employed, for employment in excess of forty (40) hours in said workweeks over an extended period of time, and therefore defendants are liable for overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act as set forth below. In particular, during the pertinent period, the affected employees cut, cleaned and packed various types of fish at defendants' facility. Defendants paid the 132 employees listed in the attached Exhibit A straight time only, with no overtime premium, which underpayments are visible on records maintained by the business for employees who were paid an hourly rate of pay. Defendants also paid straight time only, with no overtime premium, to employees paid by a piece rate. In addition, defendants improperly deducted from certain employees amounts for the purchase of specialty knives, rubber gloves and uniforms, which are for the benefit of defendants. Consequently, throughout the three year period on which the investigation focused, October 3, 2011 through September 28, 2014, these employees were

3

underpaid, on an aggregated basis, in the amount of approximately $204,000 on account of violations of the overtime provisions of the Act. Additional overtime back wages are due from September 29, 2014 until the date that defendants came or will come into compliance.

VIII.

Beginning no later than October 3, 2011, defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516. Defendants' records failed throughout the period of the investigation to show adequately and accurately employees' hours worked each workday and their total hours worked each workweek. Specifically, defendants paid certain employees on a piece rate basis, and failed to record hours worked each workday and total hours worked each workweek for these employees during the period of investigation. In addition, defendants failed to record the hours of an employee during the period of investigation who was misclassified as exempt from overtime.

IX.

Defendants' violations of the Act, as set forth above, were knowing, deliberate, and intentional. Defendants initially presented plaintiff with inaccurate payroll records during plaintiff's investigation of this matter, and offered no explanation to plaintiff when plaintiff later uncovered the actual payroll records maintained by defendants, records which had been submitted to payroll services hired by defendants and utilized to compute pay. In addition, a small number of employees were paid an overtime premium for hours worked over 40 in a workweek, demonstrating awareness of the Act's overtime requirements, while the employees listed in Exhibit A were not. Finally, defendants engaged in a practice for some employees of showing on payroll records that overtime was earned and also listing improper deductions, often equivalent to the amount of the listed overtime earned, for the purchase of specialty knives, rubber gloves and uniforms. Such listed overtime amounts were not paid to the employees.

X.

On or about December 24, 2015, defendants sent to plaintiff a check in the amount of $203,998.01. A cover letter dated December 24, 2015 accompanied the check. The cover letter stated that the enclosed check "is payment in full for the back wages owed in the above referenced matter." Plaintiff had previously advised the defendants that they owed the same amount, $203,998.01, to the employees listed in Exhibit A for the period of the investigation, plus an equal amount in liquidated damages. Prior to the transmittal of the check, defendants had not informed plaintiff that they were sending a check for back wages, and there had not been any discussion with plaintiff suggesting that defendants should send any such check to plaintiff, who was in the process of negotiating all his claims with defendants. Having received payment by defendants of the back wages covering the period October 3, 2011 through September 28, 2014, plaintiff still seeks any back wages owed to defendants' employees for the period September 29, 2014 until the defendants came into compliance, as well as liquidated damages, pursuant to Section 16(c) of the Act, in an amount equal to the back wages already paid plus those owed for the period after September 28, 2014.

XI.

During the relevant period beginning no later than October 3, 2011, defendants have willfully and repeatedly violated the aforesaid provisions of the Act, as alleged.

WHEREFORE, cause having been shown, plaintiff prays for Judgment against defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act finding defendants liable for unpaid back wages found due to defendants' employees plus liquidated damages equal in amount to the

unpaid compensation found due to defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint) giving credit for any back wage amounts already paid;

(3) For an Order awarding plaintiff the costs of this action; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | M. Patricia Smith<br>Solicitor of Labor |
| Post Office Address:<br>U.S. Department of Labor<br>Office of the Solicitor<br>JFK Federal Bldg., Room E-375<br>Boston, MA  02203<br>glickman.james@dol.gov<br>TEL: 617-565-2500<br>FAX: 617-565-2142 | Michael D. Felsen<br>Regional Solicitor<br><br>/s/ James Glickman<br>James Glickman – BBO#550777<br>Senior Trial Attorney<br><br>Sheila Gholkar<br>Trial Attorney |